UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JUANETTE CULBRETH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 09-2121 (ESH) |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

Plaintiff Juanette Culbreth, a former Metrorail train operator, brings this action against the Washington Metropolitan Area Transit Authority ("WMATA") and Amalgamated Transit Union Local 689 (the "Union"), alleging that she has been discriminated against based on a mental impairment disability. Plaintiff initially filed her complaint in the Superior Court for the District of Columbia, but the Union removed the action to federal court on November 12, 2009. WMATA has moved to dismiss all of the claims against it for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons stated herein, the Court will grant WMATA's motion to dismiss and remand the claims against the Union back to Superior Court.

**I.    WMATA'S Motion To Dismiss**

WMATA contends that plaintiff's claims against it must be dismissed because it is immune from claims arising under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.* The Court agrees. It is well-established that WMATA possesses

sovereign immunity, protecting it from private actions arising under federal statutes based on its performance of governmental functions, unless Congress has expressly abrogated that immunity pursuant to a valid exercise of its enforcement powers under section 5 of the Fourteenth Amendment. *See Souders v. WMATA*, 48 F.3d 546 (D.C. Cir. 1995); *Morris v. WMATA*, 781 F.2d 218 (D.C. Cir. 1986). With respect to Title I of the ADA, the Supreme Court has held that Congress exceeded its enforcement powers under section 5 to the extent that the ADA authorized suits against states or state entities. *See Board of Trustees v. Garrett*, 531 U.S. 356 (2001). It follows that WMATA is also immune from liability under Title I of the ADA. *See Hopps v. WMATA*, 480 F. Supp. 2d 243 (D.D.C. 2007). Accordingly, an accompanying Order dismisses plaintiff's claims against WMATA.[1]

## II.    Removal

In its notice of removal, the Union asserts that this civil action is removable under 28 U.S.C. § 1332 because "it is a civil action wherein the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interests and costs, and is between citizens of different states." (Notice of Removal at 1.) The "removal statute is to be strictly construed," *Kopff v. World Research Group*, LLC, 298 F. Supp. 2d 50, 54 (D.D.C. 2003) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 100-107 (1941)), and the party removing the case bears the burden of demonstrating federal court jurisdiction, *id.* at 53-54 (citing *Kokkonen v. Guardian Life Insurance Co. of Am.*, 511 U.S. 375, 377 (1994)). Here, it is apparent from the face of the complaint and the notice of removal that the diversity of citizenship requirement is

---

[1] Although plaintiff, who is *pro se*, did not respond to WMATA's motion to dismiss, the Court is granting the motion based on its evaluation of the merits of WMATA's argument.

not satisfied.  Both plaintiff and the Union are citizens of Maryland.  (Complaint at 1; Notice of Removal at 1-2.)   Accordingly, an accompanying Order remands this civil action to the Superior Court for the District of Columbia.

                                               /s/
                              ELLEN SEGAL HUVELLE
                              United States District Judge

Date: December 1, 2009